CLD-140                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3424
_____

WILLIAN EFREN SOLIS GODOY,
                                                           Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A246-157-397)
Immigration Judge: Kuyomars Golparvar
_____

Submitted on Respondent's Motion for Summary Disposition Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: June 9, 2026)
_____

OPINION[*]
_____

PER CURIAM

Willian Efren Solis Godoy, proceeding pro se, petitions for review of the Board of

Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

(IJ) denial of his application for relief and protection from removal.  The Government has filed a motion for summary disposition, arguing that Solis Godoy's petition presents no substantial question.  We agree, and we will therefore grant the Government's motion and summarily deny Solis Godoy's petition for review.  *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Solis Godoy, a citizen of Ecuador, fled his country because he feared persecution from the "Los Tiguerones" gang and entered the United States on or about November 21, 2022.  Solis Godoy applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  On October 8, 2025, at Solis Godoy's merits hearing, the IJ denied all relief.  Solis Godoy's appeal of the IJ's decision was due to be filed directly with the BIA by November 7, 2025, 8 C.F.R. § 1003.38(b), but the BIA did not receive it until November 10, 2025.  On November 13, 2025, Solis Godoy filed a motion asking the BIA to accept his notice of appeal as timely.  In his motion, Solis Godoy explained that he had been diligently working to prepare his appeal, first by seeking an attorney, and then by completing the paperwork himself.  Solis Godoy explained that, because he is detained, he needed a friend to assist him with gathering the appropriate paperwork.  When his friend brought his papers to the detention center, however, she was not permitted to bring them inside, delaying his ability to sign the documents.  With the assistance of a case manager at the facility, Solis Godoy was able to complete and sign all required documents on November 6, 2025—one day before the appeal was due.  Solis Godoy's friend sent the appeal the same day by overnight delivery, and it was scheduled to arrive on November 7, 2025.  Because of unforeseen flight

2

delays, however, the notice of appeal was delivered on November 10, 2025. Solis Godoy asked the BIA to equitably toll the filing deadline so that his notice of appeal would be timely, or in the alternative, to accept the notice by certification pursuant to its authority under 8 C.F.R. § 1003.1(c).

On December 3, 2025, the BIA rejected these arguments and summarily dismissed Solis Godoy's appeal as untimely, pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(G). The BIA opined that although a petitioner may be entitled to equitable tolling, Solis Godoy had not shown the due diligence and extraordinary circumstances required to warrant such relief. Solis Godoy subsequently timely filed a petition for review.

After Solis Godoy filed a pro se brief in support of his petition, the Government moved to summarily deny Solis Godoy's petition for review.[1] In its motion, the Government argues that Solis Godoy has forfeited any challenge to the only dispositive issue before this Court and therefore his petition for review does not present a substantial question for our review. We agree.

The only issue before us is whether the BIA properly dismissed Solis Godoy's appeal as untimely pursuant to 8 C.F.R § 1003.1(d)(2)(i)(G). Notably, however, "arguments not developed in an appellant's opening brief are forfeited." *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying this rule to a pro se appeal). Here, Solis Godoy's

---

[1] We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). We may take summary action if the petition for review fails to present a substantial question. *See* 3d Cir. I.O.P. 10.6.

opening brief challenges only the IJ's decision to deny him relief from removal; it does not address the BIA's dismissal of his appeal.[2] Thus, Solis Godoy forfeited his ability to challenge the BIA's decision.

Because Solis Godoy has forfeited the only dispositive issue before us, his petition for review fails to present a substantial question. We will therefore grant the Government's motion for summary disposition and will deny Solis Godoy's petition for review. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] As the Government argues, to the extent that Solis Godoy challenges the IJ's denial of his applications for relief, we cannot consider those claims because he did not exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023); *Aguilar v. Att'y Gen.*, 107 F.4th 164, 169 (3d Cir. 2024).